## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARTIN CENSOR, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| v. | ) | 3:11-cv-00597-VLB |
| | ) | |
| ASC TECHNOLOGIES OF | ) | Filed Electronically |
| CONNECTICUT, LLC, | ) | |
| LILLIAN SHAPIRO, THOMAS CECONI, | ) | May 23, 2011 |
| HR 360, INC., AND | ) | |
| JOHN DOES AND JANE DOES "1" | ) | |
| THROUGH "5", | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

### STATUS REPORT

Pursuant to the Court's Order dated May 10, 2011, Defendants ASC Technologies of CT, LLC, Lillian Shapiro, Thomas Ceconi and HR 360, Inc. submit this Status Report.  Although Defendants' counsel has communicated with counsel for Plaintiff several times regarding the report, including this morning, Defendants' counsel has been unable to get Plaintiff's counsel, as of 7:00 p.m., to respond to a version of the Report that was sent to him by email this date at 3:15 p.m. Therefore, Defendants file this Report alone. This Status Report incorporates information provided by Plaintiff's counsel.

This case was transferred to this Court by the United States District Court for the Eastern District of New York.

### 1.     Nature of the Case.

This case arises out of a joint venture agreement between Plaintiff Martin Censor ("Censor") and Defendant ASC Technologies of CT, LLC ("ASC") in 2003

to operate a website called Benefits Essentials, which provided employee benefits information to subscribers.   Under the JV Agreement, Censor was to provide and update content for the site while ASC was to operate the site, host the servers, and manage the business of the site.   ASC withdrew from the JV Agreement in December 2010, claiming, *inter alia*, that Censor had failed to provide or update content.   Censor filed the present action, claiming that ASC breached the JV Agreement by terminating the Agreement unilaterally and by changing the formula under which Censor was paid under the JV Agreement. Censor also claims that Defendants infringed his copyright, breached their fiduciary duties to him, and committed fraud.   Defendants deny the claims. Defendant ASC has filed a counterclaim against Censor, alleging breach of contract.

   **2.**  **Procedural History.**

  Censor filed this action February 4, 2011 in the United States District Court for the Eastern District of New York, Judge Jack Weinstein presiding. Complaint, Doc. No. 1.  Defendants filed a Motion to Dismiss on March 9, 2011, citing lack of personal jurisdiction (Fed R Civ. P 12(b)(2)), improper venue (Fed R Civ. P. 12(b)(3)) and failure to state a claim (Fed. R. Civ. P. 12(b)(6)).  Motion to Dismiss, Doc. No. 6.  In the alternative, Defendants requested a change of venue to the United States District Court for the District of Connecticut under 28 U.S.C. §1404.  The motion was fully briefed and a hearing was held before Judge Weinstein April 8, 2011.  On April 14, 2011, Judge Weinstein ordered the case to

be transferred to Connecticut under 28 U.S.C. §1404.  Order to Transfer, Doc. No. 22.

The Parties agree that Judge Weinstein denied the Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2) and the Motion to Dismiss for improper venue under Rule 12(b)(3), but dispute the ruling as to the Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6).  Plaintiff maintains that Judge Weinstein dismissed the Rule 12(b)(6) motion as well, while Defendants maintain that Judge Weinstein did not address or rule on the Rule 12(b)(6) motion.  The case was transferred to the United States District Court for the District of Connecticut, being originally assigned to Judge Janet C. Hall in Bridgeport.  On April 18, 2011, the case was reassigned to Judge Bryant.

### 3. Personal Jurisdiction and Venue.

There are no issues with regard to personal jurisdiction and venue.

### 4. Motions and Schedule.

Defendants filed a Motion to Dismiss and an Answer and Counterclaim on May 23, 2011.  Defendants propose that Plaintiff's Opposition to the Motion to Dismiss be due June 13, 2011 and Defendants' Reply be due June 27, 2011. Defendants further propose that Plaintiff's Answer or responsive pleading to the Counterclaim be due June 13, 2011.  Defendants propose further that all other motions for dismissal shall be filed within 30 days after the date of Defendant's answer, *i.e.*, by June 22, 2011.

Plaintiff intends to seek summary judgment directing an accounting no later than 60 days following completion of the Discovery Period.

**5.      Counsel**

Plaintiff's counsel is Alexander Breiner of the firm Meyers, Breiner & Kent, LLP.  Mr. Breiner will move the admission *pro hac vice* of Mordchai Krausz of the firm Koven & Krausz and Stephen G. Dickerman, who served as counsel for Plaintiff in the Eastern District of New York.

Defendants' counsel are Lewis Lerman and Michael S. Lynch of the firm Bai, Pollock, Blueweiss & Mulcahy, PC.  Counsel has moved for the admission *pro hac vice* of Michael J. Cicero of the firm Perry, Krumsiek & Jack, LLP, who served as counsel for the Defendants in the Eastern District of New York.

**6.      Rule 16(c) Considerations**

This case is at a very preliminary stage, so the Parties cannot anticipate at this point many of the issues that might arise under Rule 16(c).  However, the following points can be addressed at this time:

●    Matter for Referral to Magistrate Judge:  Plaintiff and Defendants have submitted different versions of the relevant contract in the case (the Joint Venture Agreement) and dispute which is the accurate version.  The two versions differ in whether the contract is governed by Connecticut or New York law.   The issue may be appropriate for early resolution through an evidentiary hearing so that the Court and Parties may know whether they are proceeding under Connecticut or New York law.   The matter might be referred to a magistrate judge.

● Settlement. Counsel for the Parties have discussed whether settlement is possible, and have agreed that there is little likelihood of productive settlement discussions until after the preliminary motions are ruled upon.

**7. Rule 26(f) Consultation**

The Parties intend to conduct a Rule 26(f) consultation within 30 days after the filing of Defendants' Answer in this case, *i.e.* by June 22, 2011, and will file a proposed discovery plan with the Court no later than 14 days after such conference.

**8. Jury Trial**

The parties request a jury trial for their claim and counterclaim. The parties do not consent to having the case tried before a Magistrate Judge.

/s/    Lewis S. Lerman
Lewis S. Lerman (Bar No. ct05500)
BAI, POLLOCK, BLUEWEISS &  MULCAHY, P.C.
2 Corporate Drive, Suite 950
Shelton CT 06484
Telephone: 203-925-8100
Facsimile: 203-925-8101
Email: llerman@baipollock.com

Michael J. Cicero (DC Bar No. 428872, admission *pro hac vice* pending)
PERRY, KRUMSIEK & JACK, LLP
1000 Potomac Street, NW, 5th Floor
Washington, DC 20007
Tel: 202-570-7903
Fax: 202-293-5862
mcicero@pkjlsw.com

**ATTORNEYS FOR DEFENDANTS**