UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------- X
MARTIN CENSOR,

                Plaintiff         Civil Action No.
   -against-                            3:11 -cv-00597-VLB


ASC TECHNOLOGIES OF CONNECTICUT, LLC,      Filed Electronically
LILIAN SHAPIRO, THOMAS CECONI, HR 360,
INC., and JOHN DOES and JANE DOES               June 23, 2011
"1" through "5,"

                Defendants
----------------------------------------------------------------X


**REPORT OF PARTIES' RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P 26 (f), the following parties, through their respective counsel, conferred on June 21 and 22, 2011, as to the matters described in Rule 26(f) of the Federal Rules of Civil Procedure:

    By: Martin Censor, Plaintiff
    Counsel: Mordchai Krausz, Stephen Dickerman
    Firm: Koven & Krausz

    By: ASC Technologies of CT., LLC, Lillian Shapiro, Thomas Ceconi, HR 360 INC., Defendants
    Counsel: Michael J. Cicero
    Firm: Perry, Krumsiek, & Jack, LLP

1.    **Pre-Discovery Disclosures**:    The parties will exchange, by July 28, 2011, the information required by Fed. R. Civ. P. 26 (a) (1).

2.    **Settlement Discussion**:  Upon consultation of counsel, the parties believe that settlement is not possible immediately, but counsel agreed to conduct a discussion of the possibilities for prompt settlement after the Court rules on the preliminary motions.

3.  **Discovery Plan**:  Subject to this Court's decision on pending motions, the parties jointly propose the following discovery plan:

   a.  Interrogatories, document requests and requests for admission to be propounded by Plaintiff on or before August 17, 2011;

   b.  Interrogatories, document requests and requests for admission to be propounded by Defendants on or before August 24, 2011;

   c.  Deposition of Defendants, HR 360 INC., ASC Technologies of Ct., LLC, Lillian Shapiro, individually, and of Thomas Ceconi, individually; to be held at the office of ASC Technologies of CT., LLC or other location in Stamford, Connecticut, commencing on or before the 9th day of November, 2011, and continuing day after day until completed, with the exception of Fridays, on which day depositions shall be deferred for completion, to the following Monday, unless completed by 12 Noon.

   d.  Deposition of Plaintiff Martin Censor to be held at the office of ASC Technologies of CT., LLC or other location in Stamford, Connecticut, commencing on or before the 15th day of November, 2011, and continuing day after day, as necessary, until completed, with the exception of Fridays on which day the deposition of Martin Censor shall be deferred for completion to the following Monday, unless completed by 12 Noon. Deposition of 2-3 members of the Benefits Essentials Advisory Board (comprising the following persons: William A. Caldwell, Theresa M. Gegen, Michael P. Maslanka, William P. Perkins, Jonathan L. Rakoon, Allen

        Szrolovits, and Stephen P. Valenti) to be completed on or before December 15, 2011.

  e. All other depositions to be completed by Plaintiff on or before the 9th of December, 2011 and by Defendants on or before the 15th of December, 2011.

4. **Subjects of Discovery**: Discovery will be needed on the following subjects:

  a. Plaintiff seeks records of gross income to Benefits Essentials from the period of April 11, 2003 through December 30, 2010, on a weekly basis, by specifying the amount of gross income, and providing the deposit records at the banking institution used by Benefits Essentials, and all monthly statements in the name of Benefits Essentials.

  b. Plaintiff seeks records of gross income to HR 360 INC. from December 30, 2010 through the date of issuance of the disclosure document or series of documents, on a weekly basis, by specifying the amount of gross income, and providing the deposit records at the banking institution used by HR 360 INC., and all monthly statements in the name of HR 360 INC.

  c. Plaintiff seeks a list of subscribers by name and address which existed on April 11, 2003 from Martin Censor's prior services and solicitations.

  d. Plaintiff seeks a list of all subscribers to Benefits Essentials by name and address from April 12, 2003 to December 17, 2010.

  e. Plaintiff seeks a list of subscribers to HR 360, INC. and/or Benefits Essentials and/or any publication sponsored by HR 360, INC. or its principals, Lillian

Shapiro and Thomas Ceconi, during the period of December 17, 2010 to the date of the discovery demand.

f. Plaintiff seeks the names and addresses of all subscribers to the website created by Defendant, HR 360 INC. (www.hr360.com) from inception of that website to the date of issuance of the discovery demand.

g. Plaintiff seeks, with regard to the gross income specified in 4(a) hereinabove, records of all distributions and expenditures from the account of Benefits Essentials or other bank account used by Defendant ASC Technologies of Ct., LLC, specifying the name of the payee, amounts and dates of payment, and the documentary evidence thereof by front and back of cancelled checks.

h. Plaintiff seeks, with regard to the bank accounts established in the name of Benefits Essentials at or about the time of the formation of the Joint Venture, discovery specifying the name and address of the banking institution, the name of the account, and the account number, into which all gross income to Benefits Essentials, the Joint Venture, was deposited.

i. Defendants seek discovery on the amount and nature of work conducted by Martin Censor in editing and updating the content of the Benefits Essential website.  Plaintiff does not agree that this is discoverable material.

j. Defendants seek discovery on Martin Censor's right to use and reproduce certain copyrighted works.  Plaintiff does not agree that this is discoverable material.

    k.  Defendants seek discovery on the drafting and negotiating history (including all electronic records) of the Joint Venture Agreement.  Plaintiff does not agree that this is discoverable material.

5. **Rule 26(c) Consideration**. Defendants will seek entry of a protective order to limit the distribution and use of discovery materials that constitute confidential and proprietary business information and/or trade secrets, including, but not limited to, lists of subscribers.

6. **Preservation of Discoverable Evidence**.  All parties agree to take steps to preserve discoverable evidence, including, but not limited to, maintaining the Benefits Essentials website in substantially the form it existed during all of December 2010; preserving evidence on the HR 360 website by maintaining periodic backup versions of the server on which the HR 360 website runs; and maintaining all electronic records relating to the drafting and negotiating of the Joint Venture Agreement in 2003.

7. **Rule 16(c) Consideration**: As noted in their Status Report filed May 23, 2011, Defendants believe it would be useful for the Court to conduct a preliminary evidentiary hearing on which of two competing versions of the Joint Venture Agreement is the correct one, so that the parties know which state's law applies to the central contract in the case.  Defendants note that such a hearing could be referred to a magistrate judge.  Plaintiff disagrees and will oppose any motion on this measure.

    Plaintiff believes that such a hearing is unnecessary, on the ground that Judge Weinstein (E.D. N.Y.) ruled that the law is the same in both states and/or the agreement which is the final one is not an issue since he was transferring the case to Connecticut

based upon the volume of records there. Defendants disagree that Judge Weinstein so ruled, or that the law is the same.

Dated:   June 23, 2011

                            KOVEN & KRAUSZ

By:   _____/s/_____
       Stephen G. Dickerman
       358 Fifth Avenue, Suite 301
       New York, N.Y. 10001
       (Telephone): 212.736.7432
       (Email): mkrauszesq@aol.com


                            PERRY, KRUMSIEK & JACK, LLP

By:   _____/s/_____
       Michael J. Cicero
       1000 Potomac Street, N.W.,
       5th Floor
       Washington, D.C. 20007
       (Telephone): 202.570.7903
       (Email): mcicero@pkjlaw.com

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing has been filed with the Court via the electronic court filing (ECF) System on June 23, 2011.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                              _____/s/_____
                              Michael J. Cicero