UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN CENSOR, | ) |
| Plaintiff | ) CIVIL ACTION NO. |
| v. | ) 3:11-cv-00597-VLB |
| ASC TECHNOLOGIES OF CONNECTICUT, LLC, | ) Filed Electronically |
| LILLIAN SHAPIRO, THOMAS CECONI, HR 360, INC., AND JOHN DOES AND JANE DOES "1" THROUGH "5", | ) July 15, 2011 |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND MOTION TO DISMISS**

Defendants ASC Technologies of Connecticut, LLC ("ASC"), HR 360, Inc. ("HR 360"), Lillian Shapiro and Thomas Ceconi, by and through their attorneys, hereby submit this Opposition to Plaintiff's Motion for Partial Summary Judgment and Motion to Dismiss the Counterclaim in this action.[1]

**FACTS**

Defendant ASC notified Plaintiff Marion Censor by letter of December 10, 2010 that it intended to withdraw from the joint venture. Doc. No. 1, Exh. F. In that letter, ASC invited Censor to "turn our discussions with you to complete the winding up of the joint venture" and to "address[] the fundamentals of the winding up before year's end." Rather than discuss the winding up of the joint venture,

---

[1] The Counterclaim, for breach of contract, was brought solely by ASC Technologies of Connecticut, LLC ("ASC"), as the only defendant which had a contractual relationship with Plaintiff Censor. The Opposition to the Motion to Dismiss Counterclaim therefore is brought solely by ASC.

which discussion would have included an accounting of the joint venture, Censor resorted to litigation and filed the present action February 4, 2011, alleging breach of contract, copyright infringement, breach of fiduciary duty and fraud. ASC had provided an accounting to Censor as recently as April 2010, and was prepared to update that accounting in connection with discussions leading to a winding up of the joint venture. Censor chose another path.

## STANDARD OF REVIEW

Summary judgment can be rendered where "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court should "construe the evidence in the light most favorable to the non-moving party and...draw all reasonable inferences in its favor." *Huminski v. Corsones,* 396 F.3d 53, 69-70 (2d Cir. 2004) (internal citations omitted). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315 (2d Cir. 2006) (internal citations omitted). "The moving party bears the burden of showing that he or she is entitled to summary judgment." *Huminski,* 396 F.3d at 69.

## ARGUMENT

### I. Summary Judgment Should be Denied Because Plaintiff's Complaint Does Not Properly State a "Claim" for an Accounting.

A party "may move for summary judgment, identifying each <u>claim</u> or defense – or part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis supplied). A party may not, however,

seek summary judgment on an issue that has not been properly stated as a "claim" in the Complaint. Plaintiff's Complaint fails to meet the requirements for properly stating a "claim" for an accounting in this matter, because he has failed to allege that he requested an accounting and that Defendants denied him such accounting. An accounting is an equitable remedy codified in Connecticut General Statute § 52-401. "The general rule is that a prior demand by the plaintiff for an accounting and a refusal by the defendant to accounting is a prerequisite to the commencement of an action for an accounting." *Baghdady v. Baghdady*, 2008 U.S. Dist. LEXIS 83505 (D. Conn., October 10, 2008), *quoting*, *Zuch v. Conn. Bank & Trust Co., Inc.*, 500 A.2d 565, 567 (Conn. App. 1985). Moreover, "[t]he plaintiff must allege such a demand in his pleadings, with failure to do so resulting in dismissal of the action." Id. at 567.

Plaintiff has failed to meet this standard. The Complaint in this action does not allege that Plaintiff demanded, or that Defendants failed to provide, an accounting. Indeed, when Defendant ASC invited Plaintiff Censor to engage in discussions directed to winding down the joint venture (Letter of December 10, 2010, Complaint, Doc. No. 1, Exh. F), Censor responded by filing the present lawsuit alleging damages.

Because Plaintiff fails properly to state a claim for an accounting, he cannot now ask this Court to award the same on summary judgment.

## II. There Remain Genuine Issues of Material Fact that Prevent the Granting of Partial Summary Judgment at this Stage.

Even if Plaintiff had properly alleged a claim for an accounting in his Complaint, summary judgment would be improper because there remain several

3

genuine issues of material fact that must be decided before an accounting could be ordered.  First, there are substantial factual disputes between the parties as to what should be included in such an accounting.  These include whether such an accounting should be limited to ASC or should also include HR 360.  Defendants maintain that HR 360 is an unrelated entity with no connection to Censor or his intellectual property (See, Answer, Doc. No. 36, at ¶¶ 23, 26, 31), while Plaintiff has indicated that he is seeking full financial records from both ASC and HR 360. (See, Second Memo in Opposition, Doc. No. 46, at 5; Joint Report on Rule 26(f) Planning Conference, Doc No. 44, at 3-4.  Connecticut General Statutes § 52-401 provides that "[i]n any judgment or decree for an accounting, the court shall determine the terms and principles upon which such accounting shall be had." Until the dispute over the scope of the accounting is resolved, it would be premature for the Court to order an accounting.

Second, there is a factual dispute over the percentage of the profits of the joint venture to which Censor is entitled.  Censor says 50%, based on the original terms of the joint venture agreement. (See, Complaint, at ¶ 31).  Defendants say 20%, based on the revision of the original terms that the parties agreed to in the email exchange of December 23, 2008 (Complaint, Exh. E; Answer, at ¶ 47). The answer to that factual question will have an effect on any accounting.

Third, there is a factual dispute whether ASC had the right to withdraw from the joint venture.  Defendants say yes; Plaintiff says no.  The resolution of this factual dispute will also gave a significant effect on the scope of an accounting.

Fourth, there is a factual dispute over which version of the joint venture agreement is genuine, a dispute which, in turn, will determine which state's law governs this case. Defendants say Connecticut law applies; Plaintiff says New York law. Compare Complaint, Exh. A to Defendants' Motion to Dismiss, Doc. No. 35, Exh. 2. All these issues of fact are central to how such an accounting would be conducted. Accordingly, even if Plaintiff had met the requirements for properly pleading a claim for an accounting, summary judgment would be inappropriate at this stage of the case

The factual dispute over which law applies to this case highlights the need for a preliminary evidentiary hearing on the question of which version of the joint venture agreement is genuine. See, Status Report, Doc. No. 37, at 4; Joint Report of Rule 26(f) Planning Conference, at 5. Prior to transfer of the case to this Court, Judge Weinstein (E.D.N.Y.) expressed concern that Plaintiff's version of the joint venture agreement – which states that the agreement is governed by New York law -- might be a forgery.

> On page 2 of the plaintiff's version, a "g" is closed at the bottom. On page 3 of the plaintiff's version, the "g" is open at the bottom, strongly suggesting that page 2 was submitted after the signing.
>
> Now, in view of the fact that the plaintiff is a member of the Bar of New York, the court wishes to avoid a factual inquiry on this issue, since it could result in a very serious forgery charge.

Transcript of Hearing before Judge Weinstein, Doc. No. 50, Exh. 1, at 17-18. The factual inquiry that Judge Weinstein sought to avoid at that preliminary stage has

now become unavoidable, as the question of which state's law applies is central to the parties' arguments and the Court's decision on the present motion.[2]

Nevertheless, Plaintiff has persisted in maintaining that his version of the joint venture agreement is genuine, and has premised his arguments entirely on New York law.[3] In his motion for partial summary judgment, Plaintiff relies on a string of New York case law for the proposition that one joint venturer cannot sue another at law until an accounting has been conducted. This proposition is a peculiarity of New York law that seems to have no counterpart under Connecticut law.[4]

Ironically, if this Court *were* to apply New York law, as Plaintiff requests, the result would be the immediate dismissal of Counts I through IV of the Complaint, as each Count states a cause of action at law (copyright infringement, breach of contract, breach of fiduciary duty, fraud), which, under the precedents cited by Plaintiff, must be dismissed where no prior accounting has been done. See, *Stratavest, Ltd. v. Rogers, et al.*, 888 F. Supp. 35, 37 (S.D.N.Y. 1995) (dismissing claims for breach of contract, breach of fiduciary duty and fraudulent inducement); *Kitty Walk Systems, Inc. v. King and King*, 431 F. Supp. 2d 306 (E.D.N.Y. 2006) (dismissing claims for trademark infringement and breach of

---

[2] Defendants note that unlike the present motions, Defendants' Motion to Dismiss under Rules 12(b)(6) and 9(b) can be decided in Defendants' favor under either Connecticut or New York law.

[3] Plaintiff states that "Defendants concede that there is no difference in the substantive law of Connecticut or the law of New York." Second Memo in Opposition, Doc. No. 46, at 8. That is manifestly incorrect. Defendants have made no such concession as it relates to the issues presented in Plaintiff's Motion for Partial Summary Judgment or Motion to Dismiss. Nor could they do so, as the argument above demonstrates.

[4] Indeed, it is not even clear that, under Connecticut law, joint ventures are treated the same as partnerships for these purposes. See, *Travis v. St. John*, 176 Conn. 69, 72 (1978); *Roberts v. Weiner*, 137 Conn. 668, 671 (1951); *Dolan v. Dolan*, 107 Conn. 342, 349 (1928).

contract); *Pace v. Perk*, 440 N.Y.S.2d 710, 717 (NY App. 1981) ("under the rule of *Dalury v. Reznias* [citation omitted] we would be obligated to dismiss such an action at law [for fraud].")  As Defendants have argued elsewhere, those counts should be dismissed for independent reasons. Motion to Dismiss, Doc. No. 35.

Accordingly, for the reasons stated above, Plaintiff's Motion for Partial Summary Judgment should be denied.  Plaintiff fails to meet the prerequisites for stating a claim for an accounting, and even if he had, the existence of substantial issues of fact makes the granting of summary judgment on this issue inappropriate at this stage of the litigation.

### III.    Plaintiff's Motion to Dismiss Counterclaim Should be Denied.

Plaintiff's sole argument in support of his motion to dismiss the counterclaim is that, under New York law, a member of a joint venture cannot sue another at law until after there is an accounting. As demonstrated above, the application of this rule would result in the immediate dismissal of all four counts of Plaintiff's Complaint, as each states a cause of action at law. However, Plaintiff cites no authority for a similar proposition under Connecticut law, which Defendants believe governs this case, for the reason that none exists. The Motion to Dismiss the Counterclaim should therefore be dismissed.

Plaintiff's Motion also attacks Defendant's affirmative defenses.  The purpose of this attack is unclear, as affirmative defenses are not subject to dismissal under Rule 12(b) and Plaintiff does not identify this as a Rule 12(f) motion. In any case, three of Planitiff's statements made in this regard require responses.  First, Plaintiff argues that the defense of failure to plead fraud with

7

particularity is "inapplicable" because the "particulars of the wrongdoing were particularly within the defendant's [sic] knowledge." Second Memo in Opposition, at 11. This argument itself is frivolous as Rule 9(b) sets clear guidelines that establish a base minimum level of particularity that a plaintiff must meet in all cases that allege fraud. Plaintiff's Complaint falls well below that base minimum.

Second, Plaintiff argues further that lack of privity of the individual defendants is irrelevant because officers of an LLC are personally liable for fraudulent actions. But this argument relates only to Count IV of the Complaint, which Defendants have elsewhere demonstrated fails to state a cause of action for fraud. Plaintiff's argument has no relevance for the remaining allegations of the Complaint, as none is based on fraud and all are based on the existence of the joint venture and the relationships and obligations that arise out of it for the parties hereto. Those parties are Plaintiff and ASC, and no one else.

Third, Plaintiff argues that the defense of lack of privity is "inapplicable" because the Plaintiff transacted business with the individual defendants for many years prior to the formation of the joint venture in 2003. Without conceding the factual assertion, Plaintiff's argument is baseless, since the Complaint centers entirely on the joint venture and the obligations that arise out of it. Nowhere does the Complaint state a cause of action that is based on facts occurring prior to the formation of the joint venture in 2003. The Complaint is based entirely on the joint venture and the only Defendant who was party to the joint venture was ASC.

In connection with this argument, Defendants note that although Plaintiff's Motion purported to include as an exhibit an Affidavit of Plaintiff Martin Censor,

8

no such affidavit was served electronically and no such affidavit appears in the PACER docket sheet (relevant document numbers are 45-48). The affidavit is therefore not before the Court and not a part of the record in this case. Defendants note that they received an "Affidavit of Plaintiff Martin Censor" from Plaintiff by U.S. mail some days after the filing deadline and have a copy of such affidavit. To the extent such affidavit is deemed to constitute part of the record in this case, Defendants hereby request leave to amend the present Opposition to respond to the points raised therein.

### IV. Conclusion.

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Partial Summary Judgment and Motion to Dismiss Counterclaim be denied.

Respectfully submitted,

By: ___/s/___ Michael J .Cicero___
Michael J. Cicero (D.C. Bar 428872)
PERRY, KRUMSIEK & JACK, LLP
1000 Potomac Street, NW
5th Floor
Washington, DC 20007
Telephone: 202-570-7903
Facsimile: 202-293-5862
Email: mcicero@pkjlaw.com
(Admitted *pro hac vice*)

Attorney for Defendants
ASC Technologies of Connecticut, LLC
Lillian Shapiro, Thomas Ceconi
and HR 360, Inc.

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing has been filed with the Court via the electronic court filing system (ECF) on July 15, 2011.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

           /s/  Michael J. Cicero

      Michael J. Cicero