UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
==========================================================

MARTIN CENSOR

                        **Plaintiff**                  No. 3:11-cv-00597-VLB

   -against-

ASC TECHNOLOGIES OF                           HON. VANESSA L. BRYANT
CONNECTICUT, LLC.,                                  U.S. DISTRICT JUDGE
LILLIAN SHAPIRO, THOMAS CECONI,        Filed Electronically
HR 360, INC. and                                        July 27, 2011
JOHN DOES and JANE DOES "1"
through "5,"

                          **Defendant(s)**       Reply Date Pursuant To Rule 7
                                                 U.S.D.C. Connecticut: JULY 29

==========================================================
PLAINTIFF's REPLY MEMORANDUM OF LAW,
(IN REPLY TO DEFENDANTS' MEMORANDA OF LAW)
IN FURTHER SUPPORT OF DENIAL OF DEFENDANTS'
SECOND DISMISSAL MOTION, AND IN FURTHER
SUPPORT OF PLAINTIFF'S CROSS MOTION FOR PARTIAL
SUMMARY JUDGMENT, ACCOUNTING HEARING, AND
DISMISSAL OF DEFENDANT'S COUNTERCLAIM (S)
AND AFFIRMATIVE DEFENSES.

    Plaintiff, MARTIN CENSOR, by and through his attorneys, Koven & Krausz hereby submits his responsive Memorandum of Law to Defendants opposition to Plaintiff's cross motion and in further support of denial of Defendants' second dismissal motion. There is no genuine material issue of fact on the cross motion for partial summary judgment, as the accounting demand is set forth in the FIRST COUNT and the FIRST COUNT properly pleads an action for an accounting in connection with Plaintiff's common law copyright; and there is no merit to the Defendants' second dismissal motion because of the fundamental criteria of:

1

1. <u>Atlantic States Const. Co. v. Robert E. Lee & Co.,Inc.,</u>
406 F.2d 827, holding that an accounting problem is especially suited to disposition by summary judgment; Fed.R.Civ.P. Key #2482;

2. <u>C.O. v. Portland Public Schools (and U.S. Supreme Court governing precedent upon which this decision is predicated as the fundamental Rule of Law in 12b cases),</u>
D.Or. 2005, 406 F.Supp.2d1157, holding that the complaint must be construed in the light most favorable to plaintiff;

<u>In re Colonial Ltd. Partnership Litigation,</u> 854 F. Supp. 64, holding that fraud is properly pleaded by a plaintiff whose limited knowledge of the fraudulent plan and scheme was cleverly withheld from him; and

<u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949-50, and its most relevant 2009 determinations in local U.S. District Courts: as to practical application of the "plausibility" standard: <u>Osberg v. Foot Locker,Inc.,</u> S.D.N.Y., 2009, 656 F.Supp.2d 361;Fed. R.Civ. P. Key #1772; <u>Conergy AG v.MEMC Electronic Materials, Inc.,</u> S.D.N.Y. 2009, 651 F.Supp.2d 51..

## FACTS

This is an action predicated upon "theft of opportunity for income" as is clear from the FIRST COUNT of Plaintiff's complaint which seeks an accounting. Violation of common law copyright is properly pleaded. An action for an accounting is properly pleaded.

Plaintiff's complaint clearly states in Exhibit "H" thereto:

> "Accordingly, I demand an immediate accounting of the Joint Venture, as well as the immediate payment of the past due amounts which are due me. Until such past due amounts are resolved, there can be no 'winding up' discussions or execution of 'appropriate releases'."

This decisive document continues, by stating that:

> "In the absence of a satisfactory response, I propose to seek recourse in the appropriate State and Federal Courts, which will include, but not be limited to, a cause of action to compel an accounting…"

Defendants Ceconi and ASC response was to promise an accounting by mid-January 2011. This is in fact the requirement as a matter of law for dissolution of a joint venture

2

or partnership, by withdrawal, for the alleged dissolution to be effective. This accounting never occurred. Approximately a month later, Verified Complaint in U.S. District Court was prepared, filed and served. U.S. District Court, Eastern District, N.Y. rejected Defendants' dismissal motion on the issues of subject matter jurisdiction, personal jurisdiction, and venue, and transferred the case to Connecticut because Chief Senior Judge Weinstein believed there may be more of the Joint Venture's records located in that jurisdiction. Defendants then interposed an Answer. There is a cross motion (to the second dismissal motion) which seeks, inter alia, to dismiss the Defendants' counterclaim(s) and affirmative defenses. The pleadings are thus not "closed." Thus, Defendants' second dismissal motion cannot be considered by this Court and must be denied under the authority of Morgan v. County of Yolo, 436 F.Supp.2d 1152, affd. 277 F.Appx. 734. MORGAN, supra, decisively held that a motion to dismiss must be made prior to filing an Answer; when an Answer is filed, a defendant's accompanying or subsequent motion can only be brought after the pleadings are closed.

Exhibit "H" to Plaintiff's complaint is thus crystal clear and warrants rejection of the bizarre argument of Defendants' counsel under the " plausibility " criteria of Ashcroft v. Iqbal, supra. Defendants' counsel seeks to characterize or distort one or more of the other Exhibits to Plaintiff's complaint, which is grossly improper in connection with a Rule 12(b) dismissal motion. This unacceptable and incorrect distortion of such Exhibit is an example of Defendants' counsel 's disregard of governing precedent (See "Standard of Review" herein.)

**STANDARD OF REVIEW :** The purpose of a motion to dismiss for failure to

state a claim is to assess legal feasibility of the complaint, and not to weigh evidence which plaintiff offers or intends to offer (<u>Citibank, N.A. v. K-H Corp.,</u> S.D.N.Y. 1990, 745 F.Supp.899. This defines the fundamental criteria of the limited circumstances when allegations of a pleading's insufficiency will justify the harsh relief of dismissal. Accordingly, Courts view a "motion to dismiss for failure to state a claim" with disfavor and rarely grant such motion (<u>Walsh v. McGee,</u> S.D.N.Y.1996, 918 F.Supp. 107.) See also <u>Knudson v. Torrington Co.,</u> CA2, Conn., an accounting action wherein dismissal was denied (254 F.2d 283).

As to the granting of partial summary judgment to plaintiff, directing an accounting hearing, the U.S. Court of Appeals criteria for summary judgment Is uniquely applicable to the partial summary judgment here sought as an accounting problem is especially suited to disposition by summary judgment (<u>Atlantic States Const. Co. v. Robert E. Lee & Co.Inc.,</u> 406 F.2d 827). Defendants' counsel seeks to advocate that Connecticut law is controlling. In fact, Connecticut case law holds that actions for accounting generally invoke the equitable powers of the Court (<u>Mangiante v. Niemiec,</u> 910 A.2d 235, 98 Conn. App. 567). While Defendants' counsel favors the Court with his personal theory of what issues should first be determined, to define or limit the amount to be paid by defendants and each of them, upon an accounting herein, to Plaintiff MARTIN CENSOR, Defendants' counsel cites no case law which will support his theory, nor negates summary judgment. In fact, each of the subjects he cites are for the accounting hearing once partial summary judgment is granted upon the FIRST COUNT predicated upon Plaintiff MARTIN CENSOR's common law copyright and right to accounting.

## ARGUMENT

### I. CROSS MOTION FOR ACCOUNTING AND PARTIAL SUMMARY JUDGMENT IS PREDICATED UPON THE FIRST COUNT OF THE PLAINTIFF'S COMPLAINT WHICH PROPERLY SEEKS AN ACCOUNTING, AND IS FURTHER THE BASIS FOR THE U.S. DISTRICT COURT OF CONNECTICUT TO REJECT DEFENDANTS' "REPLY TO PLAINTIFF's OPPOSITION TO MOTION TO DISMISS."

> The Joint Venture Agreement recites the basis of Martin Censor's involvement: "The parties stipulate that Censor is the sole owner of the copyright to the site content; Censor shall retain such rights during the life of this venture..."

The Exhibits to Plaintiff's complaint <u>establish</u> the efforts and actions of defendants and each of them in violation of Plaintiff's common law copyright, and are used to establish a meticulous plan and scheme to diminish Plaintiff's rights, and not any agreement by Plaintiff. Defendants' counsel's effort to distort this Exhibit by claiming a modification of the 50/50 split blatantly violates the fundamental 12(b) criteria of <u>Citibank, N.A. v. K-H Corp.,</u> supra. The allegation of such purported agreement by reason of defendant's self-serving email is, firstly, absurd; secondly, contrary to Martin Censor's frequent objection to non-payment of what he believed he was entitled to, and ultimately put in writing by EXHIBIT "H" which includes the demand for accounting. The relevant provision of the Plaintiff's Complaint in the "FIRST COUNT" reads:

> "(beginning at the top of page 8, paragraph numbered "29):
> CENSOR has notified Defendants' principal representative, THOMAS CECONI, that ASC, and by implication, all individuals and entities associated with ASC, have infringed the copyright of CENSOR, and Defendant ASC has continued to infringe the copyright. A copy of CENSOR's letter of December 16, 2010 is annexed as Exhibit "H."

It thus is clear and irrefutable by Plaintiff's Complaint, which is the sole issue on a Rule 12(b) (or Rule 9(b) ) dismissal motion, that this is a cause of action or Count for Common Law Copyright infringement, a copyright conceded by the underlying

agreement, and for an accounting. Therefore Defendants' counsel's attempted distortion of words is improper and irrelevant, when in oral argument, or at any other time or document, Plaintiff's counsel was opposing the principal issues of subject matter jurisdiction and personal jurisdiction, and stated that it was diversity which was the principal basis of denying dismissal on a jurisdictional basis. Consequently, the Eastern District, N.Y., U.S. District Court, denied Defendants' counsel's contention of lack of jurisdiction. Defendants' counsel's characterization now of such argument or language is therefore taken out of context and irrelevant. Only the pleading of the FIRST COUNT and Exhibit "H" which is an integral part thereof is relevant to Plaintiff's entitlement to partial summary judgment on the issue of common law copyright, and accounting.

Martin Censor filed a Service Mark with the U.S. Patent and Trademark Office, under the name of Benefits Essentials, using the address of 141-05 68th Drive, Flushing, N.Y. 11367. This is the address where all of Martin Censor's work was done before April 11, 2003 ( the date of the Joint Venture Agreement ), and during the Joint Venture of Benefits Essential through the year 2010. This location defines relevant choice of law (the place of creation). In fact, it is federal case law which governs. Should there be a conflict between New York law and Connecticut law, which Defendants' counsel attempts to imply, but fails to document by his cited case law, this criteria mandates application of New York law. A further Certificate of Registration from the U.S. Copyright Office was issued to Martin Censor, 141-05 68th Drive, Flushing, N.Y. 11367 This occurred following Martin Censor's receipt of the disk containing his copyrightable materials, which had been withheld by Defendant Ceconi. This expanded the Common Law Copyright to a statutory copyright. Consequently, the actions of Defendant HR 360

INC. mandate liability, as a matter of law, and the granting of partial summary judgment, and directive of an accounting hearing, which is inclusive of Defendant HR 360 INC.

Simply put, common law copyright ownership pertains to such works that are not registered with the U.S. Copyright Office but are still the intellectual property of the owner for 50 years. By definition, a copyrighted work is any work of original authorship, placed in fixed and tangible form. This could apply to a personal journal, a website, a book, magazine article or files on your computer. If you created it, and you have written it down, then it's yours, regardless of federal registration. Common law copyright protects the owner/author and establishes his rights against any person or entity using such information, unless the owner has transferred title in writing (17 U.S.C.S § 101; see also RCA Mfg. Co. v. Whiteman, (C.C.A., 2d Cir) 114 F.2d 86, 46 USPQ 324; Navara v. M. Witmark & Sons, 17 Misc.2d 174, 185 NYS2d 563, 121 USPQ 107.; Independent Film Distributors Ltd. v. Chesapeake Industries Inc.(CA2, N.Y.), 250 F.2d 951,116 USPQ 28. This includes HR 360, INC.

This being a matter of federal law, the governing precedent as to choice of law, namely the location of where the copyrightable works were created (Flushing, New York) is the landmark decision of Judge Newman in the U.S. Court of Appeals for the Second Circuit, which encompasses both New York and Connecticut:
ITAR-TASS Russian News Agency v. Russian Kurier Inc.,153 F.3d 82 (1998).
The ITAR , supra, criteria was the place of creation. The work in that case was created in Russia (the other party being a U.S. domicilary). Judge Newman applied Russian law. Federal law governs. 17 USCA § 102(a) so specifies. U.S. Court of Appeals, furthermore, has held that a contract clause does not govern choice of law

7

(<u>Gulf Trading & Transportation Co. v. Vessel Hoegh Shield,</u> 658 F.2d 363 (5th Cir., 1981).

Consequently, Defendants' counsel's feigned issue of which agreement between the parties is the final agreement should be rejected. It is a dilatory tactic, and clearly irrelevant. Plaintiff is entitled to partial summary judgment because the FIRST COUNT of Plaintiff's complaint properly pleads copyright violation, and properly pleads this action for an accounting, and because governing precedent warrants partial summary judgment and a hearing for an accounting by all defendants. Defendants' counsel's personal theory of what "issue-by-issue" determinations should first be decided, is simply wrong, and Defendants' counsel cites no case law in support thereof. These are the subjects which are to be before the Court, on the date of hearing, following the granting of partial summary judgment, and the directive of a hearing requiring the attendance of all defendants. Furthermore, all Counts encompass accounting because of the "reiterates and realleges" clause.

**II. DISMISSAL OF DEFENDANT'S COUNTERCLAIM AND AFFIRMATIVE DEFENSES IS WARRANTED AS A MATTER OF LAW, SINCE GOVERNING PRECEDENT HAS BEEN DISREGARDED BY DEFENDANTS' COUNSEL, WHOSE CASE LAW SHOULD BE REJECTED BY THIS COURT, AS GROSSLY IRRELEVANT TO EITHER PRONG OF THE CROSS MOTION.**

The issues in Defendants' counsel's memoranda of law are inextricably tied, as are the litigation strategies of disregard of governing precedent. Dismissal of the Counterclaim is predicated upon specific New York case law, which is not refuted.

Defendant's counsel contends that this doctrine of law is unique to New York, yet the Connecticut cases he cites are all accounting actions. Thus, it is the inescapable conclusion of law that Defendant's counterclaim should be dismissed, partial summary

8

judgment is granted and an accounting hearing is directed, wherein all defendants appear, provide all records, and provide sworn testimony by the officers and individuals, Thomas Ceconi and Lillian Shapiro. There is no meaningful opposition to the granting of partial summary judgment upon the FIRST COUNT for common law copyright infringement and for an accounting by all defendants. None of the cited Connecticut court citations negate Plaintiff's entitlement to partial summary judgment nor support dismissal of the complaint, because demand for accounting is pleaded, as well as Defendant's refusal to provide the accounting, and that common law copyright infringement is properly pleaded. Case law cited herein warrants partial summary judgment.

    Defense counsel's bizarre argument under <u>Ashcroft v. Iqbal,</u> supra, based upon defendant's self-serving email serves no purpose and is manifestly absurd and contrary to fundamental 12b case law (<u>Citibank , N.A. v. K-H Corp.,</u> supra).The Joint Venture Agreement contains no rider signed by the parties sought to be charged, and concedes Martin Censor's copyright ownership. It is certainly not an agreement by Martin Censor who objected to such a modification in the relationship on numerous subsequent occasions, culminating in a written objection set forth in EXHIBIT "H" of the complaint. This distortion of the "plausibility" criteria of <u>Ashcroft v. Iqbal,</u> supra, is authoritatively answered by the U.S. District Court in <u>Mansfield v. Billington,</u> D.DC., 2006, 432 F.Supp.2d 64. <u>MANSFIELD,</u> supra, mandates that the Court's analysis be based only on pleadings, because the parties had not yet engaged in discovery. Furthermore, the email suggestion of Lillian Shapiro was considered by Mr. Censor for a short period of time, and then rejected in telephone communications with Lillian Shapiro. The sole

purpose of this Exhibit was to demonstrate that meticulous, pre-planned step by step erosion of Martin Censor's rights, which was designed to culminate in the sale of Benefits Essentials for a significant proposed purchase price, withheld from Martin Censor during negotiations with a prospective purchaser. When Martin Censor rejected, on numerous occasions, the change in percentage entitlements, those negotiations with the prospective purchaser ceased. The Defendants' reference to Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) is thus inapplicable for the above reasons.

Assuming, arguendo, that Connecticut law was applicable, under Connecticut law, parties to a Joint Venture undertake fiduciary duties to each other concerning matters within the scope of the joint venture (IM PARTNERS v. DEBIT DIRECT, LTD., 394 F.Supp. 2d 503). Under Connecticut law, withdrawal of a party does not entitle that party to usurp an opportunity that had come to him or her through the joint venture (In re Reilly, 245 B.R. 768, affd. 242 F.3d 367). This doctrine is obviously applicable to the list of subscribers to Benefits Essentials.

**CONCLUSION** : Plaintiff's Cross Motion should be granted in all respects and Defendants' second dismissal motion denied with prejudice; and this Court should grant such other and further relief for the Plaintiff's benefit which Your Honor deems to be just, proper, and equitable.

        RESPECTFULLY SUBMITTED,

        s/STEPHEN G. DICKERMAN